FILED: BRONX COUNTY CLERK 02/09/2022 11:54 AM
NYSCEF DOC. NO. 1

INDEX NO. 802035/2022E
RECEIVED NYSCEF: 02/09/2022

Case 1:22-cv-06890-JPO   Document 5-1   Filed 08/15/22   Page 1 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

------------------------------------------------------------------------X

DESMOND DEHANEY,

                          Plaintiff,

Plaintiff designates Bronx County as the place of trial

-against-

The basis of the venue is: Plaintiffs' Residence

**SUMMONS**

Plaintiff resides at:
1470 Allerton Avenue
Bronx, New York 10460

BJ'S WHOLESALE CLUB, INC.,

                          Defendant.

------------------------------------------------------------------------X

To the above named Defendant

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
       February 8, 2022

*[signature: Mark B. Rubin]*

Attorney for Plaintiff
**MARK B. RUBIN, P.C.**
Post Office Address
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x
DESMOND DEHANEY,

                        Plaintiff,

      -against-                         **VERIFIED COMPLAINT**
                                                                         Index No.:

BJ'S WHOLESALE CLUB, INC.,

                        Defendant.
------------------------------------------------------------------x

       Plaintiff, by Mark B. Rubin, P.C., his attorney, complaining of the defendant, respectfully alleges:

       <u>FIRST</u>:        That upon information and belief at all times hereinafter mentioned the defendant was a foreign corporation doing business in the State of New York.

       <u>SECOND</u>:     That upon information and relief at all times hereinafter mentioned, the defendant was the owner of a store located at 825 Pelham Parkway, Pelham, New York.

       <u>THIRD</u>:       That upon information and belief at all times hereinafter mentioned the defendant, its agents, servants, and/or employees operated said store located at 825 Pelham Parkway, Pelham, New York.

       <u>FOURTH</u>:     That upon information and belief at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees managed said store located at 825 Pelham Parkway, Pelham, New York.

       <u>FIFTH</u>:        That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees maintained said store located at 825 Pelham Parkway, Pelham, New York.

       <u>SIXTH</u>:       That upon information and belief, at all times hereinafter mentioned, the

defendant, its agents, servants, and/or employees controlled said store located at 825 Pelham Parkway, Pelham, New York.

SEVENTH: That on the 18th day of September, 2021, while the plaintiff was lawfully, carefully and properly, at said store, located at 825 Pelham Parkway, Pelham, New York, near a cashier thereof, he was struck by a cart being pushed by a store employee, causing him to suffer and sustain the severe and serious injuries hereinafter alleged.

EIGHTH: That the aforesaid occurrence was due by reason of the negligence of the defendant, its agents, servants, employees, designees, representatives, licensees and lessees in owning, operating, managing, maintaining and controlling its aforesaid premises in a careless, reckless, dangerous, negligent, improper, imprudent and wanton manner; in causing, permitting, maintaining and allowing a shopping cart, being pushed by a store employee, to strike plaintiff; in causing, permitting, maintaining and allowing a shopping cart filled with merchandise, being pushed by a store employee, to strike plaintiff; in having a store employee who was negligently pushing a shopping cart; in failing to provide a safe place to shop; in having inadequate, incompetent and/or insufficient help; in failing to properly train store employees; in violating the applicable laws, statutes, ordinances, rules and regulations in such cases made and provided, and the defendant was otherwise negligent.

NINTH: That by reason of the foregoing this plaintiff was caused to suffer and sustain severe and serious injuries in and about his head, face, body and limbs, some of which are believed to be permanent, thereby rendering him sick, sore, lame and disabled, causing him to suffer and he still suffers, and upon information and belief, he will in the future suffer great physical pain, mental anguish and suffering; causing him to be confined to his bed and/or home for a great length of time;

2

causing him to be unable to pursue and he is still unable to fully pursue his usual vocation and activities; and upon information and belief, he will in the future be unable to fully perform his usual vocation and activities; causing him to expend and have expended on his behalf, and he will, upon information and belief, in the future, be caused to expend and have expended on his behalf divers sums of money for medical aid and assistance in an effort to cure himself of his injuries, and he was otherwise damaged in a sum in excess of the upper monetary jurisdictional limit of all lower courts.

TENTH:   Plaintiff's recovery shall not be limited by Article 16 of the CPLR or any other provision of law, and is specifically excluded from such limitations by the exemptions provided for in CPLR 1602(2)(iv) and (7).

WHEREFORE, plaintiff demands judgment against the defendant in a sum in excess of the upper monetary jurisdictional limit of all lower courts, all together with the costs, interest and disbursements of this action.

*Mark B. Rubin*
MARK B. RUBIN, P.C.
Attorney for Plaintiff
Office & P.O. Address
3413 White Plains Road
Bronx, New York  10467
(718) 231-1515

**STATE OF NEW YORK, COUNTY OF BRONX**     SS:

*Desmond Dehaney* being sworn says: I am plaintiff in the

[ X ] action herein; I have read the annexed *Complaint*

Individual Verification

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on the information and belief, and as to those matters I believe them to be true.

X _____
(Print signer's name below signature)

*Desmond Dehaney*

Sworn to before me on *8th*, day of *February* 202*2*

_____
*Mark B. Rubin*

MARK B. RUBIN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RU4839597
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JAN. 31, 20*26*

BJ 22-190 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
DESMOND DEHANEY,

                Plaintiff,

-against-

BJ'S WHOLESALE CLUB, INC.,

                Defendant.
------------------------------------------------------------------------X

Index No.: 802035/2022E

**VERIFIED ANSWER**

The defendant, BJ'S WHOLESALE CLUB, INC., by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies the allegations set forth in paragraph marked "2", and "3", except admits that BJ'S WHOLESALE CLUB, INC. is the owner and operator of the BJ'S Wholesale Club in Pelham, New York.

SECOND: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "4", "5", and "6", and respectfully refers all questions of law to the trial Court.

THIRD: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "7", and each and every part thereof.

FOURTH: Defendant denies the allegations set forth in paragraph marked "8", and each and every part thereof.

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "9", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraph marked "10", and respectfully refers all questions of law to the trial Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, BJ'S WHOLESALE CLUB, INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       February 15, 2022

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: s/ _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: BJ 22-190 TO

TO: MARK B. RUBIN, P.C.
Attorneys for Plaintiff
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant does not reside in the County in which the affirmant maintains an office.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      February 15, 2022

                                          s/
                                          PATRICIA A. O'CONNOR